Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED'10 SEP 7 12:41USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **JOANN MURRAY**, <br>       Plaintiff, <br> vs. <br> **IC SYSTEM, INC.**, <br>       Defendant. | Case No.: 10-3088-CL <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, JoAnn Murray ("Plaintiff"), is a natural person residing in Jackson

Complaint – Page 1



County, Oregon.

4.  Defendant, IC System, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone.  Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.  All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.  Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.  4 times between 3/28/2010 and 3/29/2010, Defendant called Plaintiff's telephone number, (541) 499-0807.  On the 4th call, which took place at or around 3:55 pm Pacific Time, Plaintiff answered a call from Defendant for the first time. Defendant told Plaintiff in this conversation that they were looking for a person named "Jennifer Coles."  Plaintiff informed Defendant that she did not knew anyone by that name.

10.  After the conversation related in paragraph 9, above, Defendant called once again at around 4:42 pm the same day, 3/29/2010.

11.  Defendant called again the next day, 3/30/2010, at around 8:11 am.

Plaintiff answered this call, informed Defendant's representative again that she did not know Jennifer Coles, and asked Defendant for the 2nd time to stop all calls to her number.

12. Defendant called two more times on the next day after the 2nd conversation, referred to in paragraph 11, above.

13. Defendant intended to harass, annoy or abuse Plaintiff by continuing to call Plaintiff's phone after she made it clear that she did not owe the alleged debt and she was not the person for which Defendant was searching

14. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

17. To the extent Defendant's actions, detailed in paragraphs 8-13, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. The preceding paragraphs state a *prima facie* case for Plaintiff and against

Defendant for violations of the FDCPA, § 1692d(5) and the preamble to § 1692d, which generally forbids abusive or harassing behavior by collectors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 2nd day of September, 2010.

By: /s/ Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff